ALEXANDER L. BRAINERD (Bar No. 042722)
M. PATRICIA THAYER (Bar No. 090818)
MICHAEL K. PLIMACK (Bar No. 133869)
CHRISTINE SAUNDERS HASKETT (Bar No. 188053)
SAMUEL F. ERNST (Bar No. 223963)
HELLER EHRMAN WHITE & McAULIFFE LLP
333 Bush Street
San Francisco, CA 94104
Telephone: (415) 772-6000
Facsimile: (415) 772-6268

Attorneys for Defendant and Counterclaimant
MULTILYTE, LTD.

GEORGE A. RILEY (Bar No. 118304)
JOHN C. KAPPOS (Bar No. 171977)
DIANE K. WONG (Bar No. 216026)
O'MELVENY & MYERS LLP
Embarcadero Center West
275 Battery Street
San Francisco, CA 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

MICHAEL J. MALECEK (Bar No. 171034)
GEORGE C. YU (Bar No. 193881)
DANIEL R. REED (Bar No. 201211)
AFFYMETRIX, INC.
6550 Vallejo Street, Suite 100
Emeryville, CA 94618
Telephone: (510) 428-8503
Facsimile: (510) 428-8583

Attorneys for Plaintiff and Counterdefendant
AFFYMETRIX, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AFFYMETRIX, INC., a Delaware corporation, <br><br> Plaintiff and Counterdefendant <br><br> v. <br><br> MULTILYTE LTD., a British corporation, <br><br> Defendant and Counterclaimant. | Civil Case No. C03 3779 WHA <br><br> **STIPULATED PROTECTIVE ORDER** |

- 1 -

C03 3779 WHA
STIPULATED PROTECTIVE ORDER

Plaintiff Affymetrix, Inc. ("Affymetrix") and defendant Multilyte Ltd. ("Multilyte"), by and through their respective counsel of record, hereby stipulate and agree as follows:

1. All Confidential Information produced or exchanged in the above-entitled action shall be used solely for the purpose of preparation and trial of this litigation and currently-pending international litigation between the parties to this action and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof or as required by law or Court order.

2. "Confidential Information," as used herein, means any information of any type, kind or character that is designated as "Confidential" or "Confidential, Attorneys' Eyes Only," by any of the supplying or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. In designating information as "Confidential" or "Confidential, Attorneys' Eyes Only," a party will make such designation only as to that information that it in good faith believes is entitled to such designation.

3. (a) Information that may be designated "Confidential" includes, but is not limited to, non-public technical, financial, or customer information, or information of a personal or sensitive nature.

(b) Information that may be designated "Confidential, Attorneys' Eyes Only" includes, but is not limited to, (i) proprietary technical information and specifications, (ii) trade secrets, (iii) confidential know-how, (iv) proprietary business and financial information and any non-public information, the disclosure of which is likely to have the effect of causing significant competitive harm to the disclosing party or party from which the information was obtained.

(c) Nothing shall be regarded as "Confidential Information" if it is information that:

(i) is in the public domain at the time of disclosure;

(ii) becomes part of the public domain through no fault of the non-disclosing party; or

(iii) is lawfully received by the receiving party from a third party at a

1  later date without restriction as to disclosure, provided such third party has the right to make the
2  disclosure to the receiving party.

3      4.    (a)    "Counsel of Record," as used herein means Heller Ehrman White &
4  McAuliffe LLP; O'Melveny & Myers LLP; Michael J. Malecek, George C. Yu, and Daniel R.
5  Reed of Affymetrix. In order to fall within the category of "Counsel of Record," Mr. Malecek,
6  Mr. Yu, and Mr. Reed are required at all times to maintain all Confidential Information at
7  Affymetrix's Emeryville location, which is separate and apart from the business location of any
8  of Affymetrix's competitive decisionmakers, such as management, business development,
9  licensing, or the rest of the legal department outside of its litigation department, of which Messrs.
10 Malecek, Yu, and Reed are members; to maintain all Confidential Information in specific
11 locations or offices that are locked and that are inaccessible to anyone outside Affymetrix's
12 litigation department; to maintain all electronic versions of Confidential Information on servers
13 that are inaccessible by persons outside of Affymetrix's litigation department; to store all
14 Confidential Information in locked locations when it is not currently in use in connection with
15 this litigation; and to take all other precautions necessary to guard against its disclosure to anyone
16 inside or outside of Affymetrix other than themselves and their support staff.

17     (b)    "Qualified Persons," as used herein means:

18     (i)    Counsel of Record and international counsel to the parties of this
19 action (Bristows; Bird & Bird; Rospatt Osten Pross; Uexkull & Stolberg; Hoffmann · Eitle) and
20 such counsel's support staff, legal assistants and clerical personnel who are working on this
21 proceeding and need to have access to such information for the purposes of this litigation and
22 currently pending international litigation between the parties to this action, provided that any
23 person who is currently involved, or whose job responsibilities make them likely to be involved
24 in the future, in the preparation or prosecution of patents or patent applications directed to arrays
25 for analyte detection are excluded from the definition of "Qualified Persons;"

26     (ii)    Independent experts or consultants, provided that, not less than
27 seven (7) calendar days prior to any disclosure of Confidential Information to such expert or
28 consultant, counsel for the party desiring to disclose such Confidential Information to such expert

- 3 -

or consultant has provided written notice to counsel for all other parties and to any non-party that has designated the information as "Confidential Information" identifying (a) the name, address and title of the proposed recipient; (b) current business affiliation of the recipient (including any affiliation as an expert, an advisor, a consultant or any other similar role); (c) any known present or former relationships between the recipient and any party; and (d) to the extent feasible, all business relationships during the past four years involving arrays for analyte detection. The notice shall be accompanied by a copy of the Affidavit that is appended to this Order as Exhibit A, signed by the proposed expert or consultant. If the party designating the information as "Confidential Information" objects to the disclosure, in writing, within seven (7) calendar days of receipt of the notice, no "Confidential Information" shall be disclosed to the designated expert or consultant unless and until the matter is resolved by agreement of the parties or by an Order of the Court. It shall be the responsibility of the objecting party to file a motion with the Court seeking to preclude disclosure of "Confidential Information" to the designated expert or consultant within seven (7) calendar days of serving its objection. Failure to so move eliminates the objection. The objecting party shall have the burden of demonstrating good cause why a designated expert or consultant should not be allowed to review "Confidential Information."

    (iii) Any other person that may be designated as a Qualified Person by order of this Court, after notice and opportunity to be heard to all parties.

  (d) Information designated "Confidential, Attorneys' Eyes Only may only be disclosed to Qualified Persons.

  (e) Information designated "Confidential" may be disclosed to Qualified Persons; to officers, directors, employees, and managing agents of a party; and to former officers, directors, employees, and managing agents of a party, provided that such person would reasonably have had access to the Confidential Information during his or her affiliation with the party.

  5. (a) Documents produced in this action may be designated by any party or parties as "Confidential" or "Confidential, Attorneys' Eyes Only" by marking each page of the document(s) with the designation "Confidential," or "Confidential, Attorneys' Eyes Only."

- 4 -

C03 3779 WHA
STIPULATED PROTECTIVE ORDER

1       (b)     In lieu of marking the original of a document, if the original is not
2  produced, the designating party may mark the copies that are produced or exchanged.  Originals
3  shall be preserved for inspection.

4     6.    (a)    Information disclosed at:

5           (i)   the deposition of a party or one of its present or former officers,
6  directors, employees, agents or independent experts retained by counsel for the purpose of this
7  litigation, or

8           (ii)  the deposition of a third party, if the information pertains to a party,
9  may be designated by that party as "Confidential" or "Confidential, Attorneys' Eyes Only" by
10 indicating on the record at the deposition that the testimony is "Confidential" or "Confidential,
11 Attorneys' Eyes Only" and is subject to the provisions of this Order.

12       (b)    Any party may also designate information disclosed at such depositions as
13 "Confidential" or "Confidential, Attorneys' Eyes Only" by notifying all of the parties in writing,
14 within ten (10) days of receipt of the transcript, of the specific pages and lines of the transcript
15 that should be treated as "Confidential" or "Confidential, Attorneys' Eyes Only" thereafter.  Each
16 party shall attach a copy of such written notice or notices to the face of the transcript and each
17 copy thereof in its possession, custody or control.  All deposition transcripts shall be treated as
18 "Confidential" for a period of ten (10) days after the receipt of the transcript.

19    7.    Copies of documents produced under this Protective Order may be made, or
20 exhibits prepared, by independent copy services, printers, illustrators or similar consultants
21 involved in preparation for trial or other proceedings in this litigation.

22    8.    Nothing herein shall prevent disclosure beyond the terms of this Order if each
23 party designating the information as "Confidential" or "Confidential, Attorneys' Eyes Only"
24 consents to such disclosure or if the Court, after notice to all affected parties, orders such
25 disclosures.  Nothing herein shall prevent any Counsel of Record from utilizing "Confidential
26 Information" in the examination or cross-examination in this litigation of any person who is
27 indicated on the document as being an author, source, or recipient of the "Confidential
28 Information," irrespective of which party produced such information.  Nothing herein shall

- 5 -

prevent any Counsel of Record from utilizing "Confidential Information" in the examination or cross-examination in this litigation of any person who is a current officer, director, or employee of the party so designating the information as "Confidential" or "Confidential, Attorneys' Eyes Only" or of the party that produced the information.

9. If a party inadvertently discloses any document or thing containing information that it deems confidential without designating it as "Confidential" or "Confidential, Attorneys' Eyes Only," the disclosing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing, and the receiving party and all Qualified Persons possessing such information shall thereafter treat the information as "Confidential" or "Confidential, Attorneys' Eyes Only" under this Order. To the extent such information may have been disclosed to persons other than persons described in this document, the receiving party shall make every reasonable effort to retrieve the information promptly from such persons and to avoid any further disclosure to and by such persons.

10. A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "Confidential, Attorneys' Eyes Only" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential" or "Confidential, Attorneys' Eyes Only," the parties shall first try to resolve such dispute in good faith on an informal basis. If the parties are unsuccessful in informally resolving any disputes regarding the designation of any document or information as "Confidential" or "Confidential, Attorneys' Eyes Only," the Court shall resolve all such disputes. It shall be the burden of the party making any designation to establish that the information so designated is "Confidential" or "Confidential, Attorneys' Eyes Only" within the meaning of this Protective Order.

11. In the event "Confidential Information" is used in any court filing or proceeding, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. Portions of pleadings or briefs quoting, discussing, or attaching "Confidential Information" shall be filed under seal in order to keep them out of the public record

in this action.

12. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this Protective Order.

13. In the event any person or party that has possession, custody, or control of any information designated as "Confidential" or "Confidential, Attorneys' Eyes Only" pursuant to the terms of this Protective Order receives a subpoena or other process or order to produce such information, such person or party shall notify by mail the counsel for the party or persons claiming confidential treatment of the documents sought by such subpoenas or other process or order, shall furnish such counsel with a copy of said subpoena or other process or order, and shall cooperate with respect to any procedure sought to be pursued by the party whose interests may be affected. The party asserting the confidential treatment shall have the burden of defending against such subpoena, process or order. The person or party receiving the subpoena or process or order shall be entitled to comply with it except: (a) to the extent the party asserting the confidential treatment is successful in obtaining an order modifying or quashing it; and (b) in complying with the process or order shall, at a minimum, seek to obtain confidential treatment of the "Confidential Information" before producing it in the other proceeding or action.

14. This Protective Order shall apply to the parties and any non-party from whom discovery may be sought and who desires protection for the discovery sought. Thus, any non-party requested or required to produce or disclose information in this proceeding, through subpoena or otherwise, may designate such information pursuant to the terms of this Protective Order.

15. Nothing herein requires disclosure of information, documents or things which the disclosing entity contends are protected from disclosure by the attorney-client privilege or the work-product doctrine. Nothing herein shall preclude any party from moving this Court for an order directing the disclosure of such information, documents or things. Nothing herein shall prevent a party from requesting the return of inadvertently produced material protected by the attorney-client privilege or the work product doctrine, which request shall be promptly complied

- 7 -

C03 3779 WHA
STIPULATED PROTECTIVE ORDER

with by the other party.

16. Within ninety (90) days after conclusion of this litigation and any and all appeals thereof, any original document and all reproductions of "Confidential" or "Confidential, Attorneys' Eyes Only" documents produced by a party shall be returned to the producing party or, with the consent of the producing party, destroyed. Counsel of Record for a receiving party may retain one set of pleadings and transcripts (with exhibits) under this Protective Order unless this Court directs otherwise. If counsel retains such materials, the materials shall be accessible only by Qualified Persons defined in paragraph 4(b)(i) above. If destroyed, counsel for the receiving party shall certify to counsel for the producing party compliance with this paragraph within fourteen (14) calendar days of such destruction. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

IT IS SO STIPULATED.

HELLER EHRMAN WHITE & McAULIFFE LLP

Dated: February 9, 2004      By:   s / Christine Saunders Haskett
                                   M. Patricia Thayer
                                   Michael K. Plimack
                                   Christine Saunders Haskett
                                   Attorneys for Defendant Multilyte Ltd.


O'MELVENY & MYERS LLP

Dated: February 9, 2004      By:   s / John C. Kappos
                                   George A. Riley
                                   John C. Kappos
                                   Diane K. Wong
                                   Attorneys for Plaintiff Affymetrix, Inc.

- 8 -

C03 3779 WHA
STIPULATED PROTECTIVE ORDER

1       IT IS SO ORDERED.

4   Dated:_____

                                           The Honorable William H. Alsup
                                           United States District Judge

- 9 -

EXHIBIT A

AFFIDAVIT

STATE OF _____ )
)
COUNTY OF _____)

_____, swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in *Affymetrix Inc. v. Multilyte Ltd.*, No. C03 3779 (WHA), a copy of which is attached to this Affidavit.

2. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

3. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

4. I will abide by the terms of the Protective Order.

(Signature)

(Print or Type Name)

Address:

Telephone No.: (_____)_____

- 10 -

C03 3779 WHA
STIPULATED PROTECTIVE ORDER

**ECF CERTIFICATION**

I, John C. Kappos, am the ECF User whose identification and password are being used to file this STIPULATED PROTECTIVE ORDER  In compliance with General Order 45.X.B, I hereby attest that Christine Saunders Haskett has concurred in this filing.

Dated:  February 9, 2004      O'MELVENY & MYERS LLP

By:   s/ John Kappos

Attorneys for Plaintiff and Counterdefendant
AFFYMETRIX, INC.

IR1:1050621.3

- 11 -

C03 3779 WHA
STIPULATED PROTECTIVE ORDER