United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AFFYMETRIX, INC., a Delaware corporation,<br><br>Plaintiff and Counterdefendant,<br><br>v.<br><br>MULTILYTE LTD., a British corporation,<br><br>Defendant and Counterclaimant. | No. C 03-03779 WHA<br><br>**ORDER GRANTING MOTION TO ALTER OR AMEND JUDGMENT, SETTING BRIEFING SCHEDULE AND VACATING HEARING** |

**INTRODUCTION**

Despite *repeated* representations by counsel leading the Court to believe that claim construction on the term "binding agent" would be case-dispositive because only literal infringement was being asserted, Multilyte now moves to alter or amend judgment pursuant to FRCP 59(e) on the basis that the summary-judgment order, issued on April 28, 2005, failed to consider the question of infringement under the doctrine of equivalents. In light of the odd procedural history of this action, this order **GRANTS** Multilyte's motion.

**STATEMENT**

After a technology tutorial, two rounds of briefing and a *Markman* hearing, the Court issued its Order Construing Selected Claim Terms on February 22, 2005. Therein, the term "binding agent" was construed to mean "a molecule used in an immunoassay that is capable of binding to an analyte and has an affinity constant (measured at equilibrium) of $10^{13}$ liters/mole or less."

1    Following a status conference held on March 3, 2005, Multilyte was granted leave to file
2    a motion for further claim construction of "binding agent." Meanwhile, Affymetrix was
3    granted leave to file two summary-judgment motions. All three motions were briefed
4    simultaneously. These motions were addressed by two orders issued on April 28, 2005.

5    The first order granted Multilyte's motion for further claim construction and
6    re-construed the term "binding agent" to mean "a molecule conventionally having one or at
7    most two binding sites and an affinity constant (measured at equilibrium) of $10^{13}$ liters/mole or
8    less." Because the Court further construed the term "binding site" to mean a structurally and
9    functionally distinct region of a *protein*, this definition expressly included antibodies, binding
10   proteins, receptor fragments and other proteins or protein fragments, but excluded DNA, RNA,
11   oligonucleotides and any other molecules comprised solely of nucleic acids. The non-scientific,
12   plain-meaning definition of "binding site" — *i.e.*, any site where binding occurs, such as the
13   region within a nucleic acid sequence recognized by a protein or protein complex — was
14   explicitly rejected. The second order granted summary-judgment of non-infringement based on
15   the phrases (1) "binding agent" and (2) "loading a plurality of different binding agents . . . onto
16   a support means," the latter of which was unopposed. Judgment was entered accordingly.

**ANALYSIS**

18   Multilyte makes its motion pursuant to FRCP 59, under which a party may move for a
19   new trial or to alter a judgment. Such a motion should not be granted unless it is necessary to
20   correct manifest errors of law or fact upon which the judgment is based, if there is newly
21   discovered or previously unavailable evidence, if it is necessary to prevent manifest injustice, or
22   if there is an intervening change in controlling law. *Turner v. Burlington N. Santa Fe R.R. Co.*,
23   338 F.3d 1058, 1063 (9th Cir. 2003).

24   To the extent that Multilyte seeks to present further evidence that DNA are molecules
25   with binding sites, this proffer is rejected. The Court will not indulge what is essentially a
26   request for a third round of claim construction on the term "binding agent." There have already
27   been two rounds of briefing. The possibility that the Court would adopt a construction limiting
28   a "binding agent" to molecules having "one or at most two binding sites" was even explicitly

2

1  recognized by Multilyte in its opposition brief (Opposition to Motion for Summary Judgment of
2  Non-Infringement Based on the Term "Binding Agent" at 13–15).  Because "binding site" was
3  construed to mean a particular region of a protein or protein fragment, this means that DNA,
4  RNA, oligonucleotides and any other molecules comprised solely of nucleic acids contain *zero*
5  binding sites.  Given this definition, there is no basis to alter or amend the summary-judgment
6  finding of no literal infringement.

7  Multilyte correctly argues, however, that due to the simultaneous briefing of the three
8  prior motions, the parties have not had the opportunity to address the issue of infringement
9  under the doctrine of equivalents in light of the new claim construction of "binding agent."  To
10 avoid any possibility that the Federal Circuit could consider this a "manifest injustice,"
11 Multilyte's motion is **GRANTED**.  Regardless, this order finds that entry of final judgment is not
12 appropriate since Affymetrix has not yet dismissed its invalidity and unenforceability claims,
13 although it has expressed a willingness to do so to expedite the appeal process (Opp. at 2, fn. 1).

## CONCLUSION

15 For the foregoing reasons, Multilyte's motion to alter or amend the judgment is
16 **GRANTED**.  The hearing on this motion, currently scheduled for **JUNE 9, 2005**, is **VACATED**.
17 This order hereby amends the judgment entered on April 28, 2005, to reflect that it was not a
18 final judgment.  The Clerk **SHALL REOPEN THE FILE**.

19 This order also grants Affymetrix leave to file a summary-judgment motion addressing
20 the issue of infringement under the doctrine of equivalents by **MAY 24, 2005 AT NOON**.  If such
21 a motion is filed, Multilyte shall respond by **JUNE 3, 2005 AT NOON** and any reply shall be due
22 on **JUNE 10, 2005 AT NOON**.  The hearing would be held on **JUNE 23, 2005 AT 8:00 A.M.**  All
23 remaining deadlines, as set forth in the case management order of March 4, 2005, are reinstated.

**IT IS SO ORDERED.**

Dated: May 17, 2005

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3