United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AFFYMETRIX, INC., a Delaware corporation,<br><br>　　　　Plaintiff and Counterdefendant,<br><br>　v.<br><br>MULTILYTE LTD., a British corporation,<br><br>　　　　Defendant and Counterclaimant.<br>　　　　　　　　　　　　　　　　　　　　／ | No. C 03-03779 WHA<br><br>**ORDER DENYING MOTION FOR ATTORNEY'S FEES AND VACATING HEARING** |

## INTRODUCTION

In this patent-infringement action, wherein summary judgment of non-infringement has been granted both on theories of literal infringement and doctrine of equivalents, plaintiff Affymetrix now moves for an award of attorney's fees pursuant to 35 U.S.C. 285. Because this order finds that this was not an exceptional case, the motion is **DENIED**.

## STATEMENT

The procedural history of this action has been discussed thoroughly in prior orders and will not be repeated in similar detail here. Briefly, Multilyte Ltd. is the assignee of the three patents-in-suit: United States Patent Nos. 5,599,720, 5,432,099 and 5,807,755. The technology described therein relates to biological assays using binding agents to detect the concentration of analytes. Affymetrix manufactures and sells DNA microarray systems which utilize oligonucleotide probes to detect the presence of complementary target strands via hybridization.

1    Affymetrix filed this declaratory-judgment action on August 13, 2003, alleging
2 non-infringement, invalidity and unenforceability of defendant's patents. In response,
3 defendant Multilyte asserted counterclaims of infringement. The proceedings were stayed in
4 part on December 12, 2003, pending reexamination proceedings of the patents-in-suit. On May
5 27, 2004, all proceedings were stayed. At a status conference held on December 2, 2004, the
6 parties revealed that *multiple* reexaminations (requested by *both* sides) were (and still are)
7 underway.

8    To avoid prolonging the stay indefinitely, the Court cautiously proceeded with claim
9 construction and issued an order on February 22, 2005. Therein, four disputed claim terms
10 were construed: (1) "binding agent;" (2) "determining the ambient concentrations;"
11 (3) "loading a plurality of different binding agents . . . onto a support means;" and (4) "a
12 plurality of spaced apart small spots." At a status conference shortly thereafter, Multilyte urged
13 the Court to engage in further claim construction on the term "binding agent," which had been
14 defined to mean "a molecule used in an immunoassay that is capable of binding to an analyte
15 and has an affinity constant (measured at equilibrium) of $10^{13}$ liters/mole or less," to explicitly
16 include or exclude oligonucleotide probes because it would be a "case-dispositive issue"
17 (March 3, 2005 Hearing Tr. at 3:13–23). The parties were simultaneously granted leave to file
18 dispositive motions.

19    On April 28, 2005, two orders were issued. The first order granted Multilyte's motion
20 for further claim construction. In particular, the Court commented that it had relied upon a
21 misstatement by Multilyte's counsel at the *Markman* hearing in framing its previous definition.
22 "Binding agent" was re-construed to mean "a molecule conventionally having one or at most
23 two binding sites and an affinity constant (measured at equilibrium) of $10^{13}$ liters/mole or less."
24 "Binding site" was then construed to mean "the region of a protein capable of binding to an
25 analyte." Thus, the revised definition of "binding agent" expressly included antibodies, binding
26 proteins, receptor fragments and other proteins or protein fragments, but excluded DNA, RNA,
27 oligonucleotides and any other molecules comprised solely of nucleic acids.
28

2

The second order granted Affymetrix's motions. Specifically, summary judgment of non-infringement was granted because the accused products did not utilize any proteins or protein fragments as "binding agents." The unopposed motion based on the phrase "loading a plurality of different binding agents . . . onto a support means" was also granted. The Court declined to reach the issue of whether Affymetrix was also entitled to summary judgment based on the phrase "determining the ambient concentrations." Judgment was entered accordingly.

Multilyte subsequently moved to amend judgment, on the basis that infringement under a doctrine of equivalents theory had not been considered. This motion was granted on May 17, 2005, at which time the case file was re-opened and an expedited briefing schedule was set. On June 23, 2005, summary judgment of non-infringement under the doctrine of equivalents was granted. Final judgment was entered for Affymetrix the same day. Multilyte promptly filed a notice of appeal. Now, Affymetrix moves for an award of attorney's fees.

**ANALYSIS**

**1.   LEGAL STANDARD.**

Pursuant to 35 U.S.C. 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." The determination of whether a case is exceptional and, thus, eligible for an award of attorney's fees is a two-step process. The district court must first determine whether the case is exceptional, a question of fact reviewed for clear error. If the case is exceptional, then the district court must then decide whether an award is appropriate. The latter determination is reviewed for abuse of discretion. *Cybor Corp. v. Fas Techs.*, 138 F.3d 1448, 1460 (Fed. Cir. 1998)(en banc). At the second step, various factors must be considered "such as the closeness of the case, tactics of counsel, the conduct of the parties and any other factors that may contribute to a fairer allocation of the burdens of litigation as between winner and loser." *J.P. Stevens Co., Inc. v. Lex Text Ltd., Inc.*, 822 F.2d 1047, 1051 (Fed. Cir. 1987).

The party seeking the award of fees must establish that the case is exceptional by clear and convincing evidence. A case may be exceptional where there has been inappropriate conduct such as willful infringement; fraud or inequitable conduct in procuring the patent;

3

litigation misconduct; vexatious or unjustified or otherwise bad faith pursuit of objectively baseless claims; violations of FRCP 11; or similarly unprofessional behavior. *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005).

### 2. APPLICATION.

It is undisputed that Affymetrix is the prevailing party. Multilyte, however, urges the Court to conserve judicial resources and defer ruling on this motion (or deny the motion without prejudice) pending appellate review, as the issue of attorney's fees would likely be revisited in the event of a remand. While this may be true, ruling on the motion now will render it unnecessary for the Federal Circuit to remand solely for consideration of this issue if the decision on the merits is upheld.

In an attempt to establish that this case is exceptional, Affymetrix argues that Multilyte filed counterclaims of infringement that were objectively baseless. In addition, it asserts that Multilyte has engaged in a pattern of litigation misconduct, including a series of discovery abuses. This order finds that Affymetrix has failed to demonstrate by clear and convincing evidence that any of the alleged conduct makes this case exceptional.

### a. Baseless litigation.

The assertion of infringement of a duly granted patent is presumed to be made in good faith. *Id.* at 1382. To justify an award of attorney's fees, Multilyte's infringement counterclaims must be (1) brought in subjective bad faith and (2) objectively baseless. *Id.* at 1381–82. Here, the continued maintenance of its infringement counterclaims, even assuming *arguendo* that there was bad faith, was never objectively baseless. Multilyte's theory of infringement would have been plausible had the Court adopted, rather than rejected, its proffered construction of the claim terms.

With regard to the "loading" phrase, Affymetrix argues that Multilyte refused to withdraw its claims of infringement after the (unfavorable) claim construction order issued. Yet, the summary-judgment motion with regard to this phrase was unopposed and both sides agree that Multilyte notified Affymetrix the day *before* dispositive motions were due that it planned to concede non-infringement of the "loading" claims (Br. 4; Opp. 9). While the Court

4

appreciates Affymetrix's apparent frustration that it had already wasted time briefing the issue, this order finds no clear and convincing evidence of any misconduct that would make this case exceptional.

As to the "determining" phrase, it should be stressed that the order of April 28, 2005 declined to reach whether summary-judgment was appropriate on this issue. As such, the Court made no finding that Multilyte's theory of infringement with respect to this claim limitation was unreasonable or frivolous. Affymetrix points to testimony from a Rule 30(b)(6) deposition taken on April 4, 2005, wherein Multilyte "admitted" that it didn't know whether any users of the accused products ever expressed their results in terms per unit volume, per weight or per parts (Opp. 3). Affymetrix's characterization of this testimony as "studied ignorance" is rejected. Indeed, the non-expert discovery deadline was not until August 12, 2005, leaving Multilyte ample time to continue investigating whether there were triable issues of fact to survive any future motion for summary judgment.

Although not specifically raised by Affymetrix, this order expresses some skepticism as to whether Multilyte had a credible basis for continuing to litigate its infringement claims after April 28, 2005. As noted in a prior order, Multilyte's counsel had represented that it would enter into a "stipulated judgment and take this matter to the Federal Circuit" if further claim construction on the term "binding agent" produced an unfavorable result (March 3, 2005 Hearing Tr. at 4:10–17; 7:14–18). Instead, Multilyte moved to alter or amend the judgment, raising a (possibly waived) doctrine of equivalents theory. It then opposed the subsequent motion on the (arguably flimsy) grounds that the specific exclusion principle did not apply because the Court's clarifications as to which types of molecules were "binding agents" were "findings of no literal infringement, not further claim construction" (Opp. to SJ on DOE at 5). This wasted both Affymetrix's time and the Court's time. That said, this order hesitates to reach the conclusion that Multilyte's position was *objectively* baseless or in bad faith.

      **b.**    **Litigation Misconduct.**

Affymetrix further argues that Multilyte provided inadequate infringement contentions that failed to take into account how "binding agent" had been construed. While the Court does

5

not condone Multilyte's stubborn adherence to its hope that claim construction would be reconsidered *again* and a broader definition adopted before appellate review, there is no clear and convincing evidence of bad faith. Multilyte's arguments, while ultimately unsuccessful, were not frivolous or asserted for an improper purpose. Likewise, none of the alleged examples of "bait-and-switch" tactics or discovery abuses, (an extensive laundry list which need not be addressed individually), render this case exceptional.

* * *

Even if this case were exceptional, the Court would not exercise its discretion to award attorney's fees here. To be sure, it appears that *both* sides have aggressively fought nearly every issue, (including disputes as trivial as which side should present first at the *Markman* hearing and whether documents should be delivered by U.S. Postal Service or Federal Express), which is perhaps somewhat atypical, even of high-stakes patent litigation. But the mere fact that this action was particularly contentious does not justify an award of attorney's fees.

The act that comes closest to being sanctionable was counsel's misstatement at the *Markman* hearing. Yet, Affymetrix has not presented clear and convincing evidence that this was an intentional misrepresentation, rather than an inadvertent mistake. Regardless, this order declines to award attorney's fees in the requested amount of $3,071,264.25 solely on this basis.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for attorney's fees is **DENIED**, without prejudice to either party raising this issue again if the action is remanded by the Federal Circuit.

**IT IS SO ORDERED.**

Dated: August 5, 2005

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6