IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AFFYMETRIX, INC., a Delaware corporation, | No. C 03-03779 WHA |
| Plaintiff and Counterdefendant, | |
| v. | **ORDER GRANTING-IN-PART REVIEW OF COSTS AND VACATING HEARING** |
| MULTILYTE LTD., a British corporation, | |
| Defendant and Counterclaimant. | |
| _____/ | |

## INTRODUCTION

In this patent case, plaintiff Affymetrix, Inc. now moves for review of the Clerk's taxation of costs. This motion is **GRANTED IN PART**. Specifically, the Clerk is directed to tax an additional (1) **$1,318.44** for transcripts of hearings, (2) **$374.22** for notary fees incurred in connection with a deposition, (3) **$4,997.75** for reproducing government documents, (4) **$84,034.62** for reproducing discovery documents, and (5) **$3,059.70** for the preparation of visual aids.

## STATEMENT

As discussed more thoroughly in prior orders, plaintiff filed this declaratory-judgment action, alleging non-infringement, invalidity and unenforceability of defendant's patents. Summary judgment of no literal infringement was granted on April 28, 2005. Summary judgment of non-infringement under the doctrine of equivalents was granted on June 23, 2005. Final judgment for plaintiff was entered on June 23, 2005. As the prevailing party, Affymetrix

filed its bill of costs on July 7, 2005, requesting $293,758.29.  On July 21, 2005, defendant filed its objections.  On July 22, 2005, the Clerk assessed costs in the amount of $30,608.94.

Plaintiff now seeks review of the Clerk's taxation of costs.  Specifically, Affymetrix argues that it is entitled to recover costs incurred in (1) obtaining copies of hearing and deposition transcripts; (2) exemplification and copies; and (3) other costs.

## ANALYSIS

**1.  LEGAL STANDARD.**

In relevant part, FRCP 54(d)(1) states:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs.

This rule creates a presumption in favor of awarding costs to the prevailing party. *Ass'n of Mexican-American Educators v. State of Calif.*, 231 F.3d 572, 591 (9th Cir. 2000)(en banc). Under 28 U.S.C. 1920, taxable costs are:

> (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Civil Local Rule 54–3 also provides "standards for interpreting the costs allowed under section 1920." *Intermedics, Inc. v. Ventritex*, 1993 WL 515879, at *1 (N.D. Cal. 1993)(Brazil, J.).

**2.  TRANSCRIPT-RELATED EXPENSES.**

Affymetrix requested $44,466.48 in costs for transcripts from hearings and depositions. The Clerk taxed $20,147.58 in this category.

**a.  Hearing Transcripts.**

By statute, fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case is recoverable. 28 U.S.C. 1920(2).  The local rules expressly permit recovery of costs of transcripts "necessarily obtained for an appeal" or if a statement by a judge from the bench is to be reduced to a formal order; otherwise, without prior

court approval or stipulation by the parties, "[t]he cost of other transcripts is not normally allowable." Civ. L.R. 54–3(b).

Here, Affymetrix requests $2,166.94 in costs for hearing transcripts. While not *normally* allowable, this order holds that plaintiff is entitled to the cost of all hearing transcripts because they were "necessarily obtained." 28 U.S.C. 1920(2). In *Intermedics*, Judge Jeremy Fogel of the Northern District of California found that:

> The fact that this case was so contentiously litigated, and the parties so often made arguments based on the words very recently spoken by participants or by the court, sometimes using strained interpretations of the words or pulling them out of context, places this case in that category of unusual suits where, in order to protect itself, a party reasonably could incur the expense of obtaining transcripts of all of the court proceedings. 1993 WL 515879, at *4.

So too here. It was reasonable for Affymetrix to incur the expense of transcripts for all court proceedings, given that this case was so contentiously litigated. The parties's briefing, as well as the Court's previous orders, relied heavily on representations made by counsel during hearings. It is only expected that both parties found it necessary to obtain the transcripts for appeal. Expedited delivery or messenger fees, however, are not recoverable. Where Affymetrix failed to document what amount was paid to the court reporter, the Clerk properly disallowed these costs. Based on Exhibit C to the bill of costs, it appears that $1,318.44 was directly attributable to court reporter fees. Consequently, the Clerk is instructed to add **$1,318.44** in costs for hearing transcripts.

    **b. Deposition Transcripts.**

With respect to deposition transcripts, Civil Local Rule 54-3(c)(1) allows only "[t]he cost of an original and one copy of any deposition (including video taped depositions) taken for any purpose in connection with the case." This rule has been interpreted to mean that "the cost of *one* copy of a deposition transcript" is allowable. *Intermedics*, 1993 WL 515879, at *3 (emphasis in original)(further holding that parties must bear the additional expenses associated with transcripts made available in an additional, separate medium). Shipping or expedited delivery charges and "extra" charges such as ASCII/Mini/E-transcripts, however, are not allowed. *Ishida Co., Ltd. v. Taylor*, 2004 WL 2713067, at *1 (N.D. Cal.)(Fogel, J.).

3

1   Here, the Clerk properly disallowed the additional costs incurred in videotaping
2   depositions for which stenographic written transcripts were also obtained. If the deposition had
3   *only* been videotaped, Affymetrix would have been entitled to recover the cost of both an
4   original tape and a copy, *i.e.*, two tapes total. But, having ordered written transcripts of its
5   depositions, Affymetrix may not recover costs incurred for videotaping those *same depositions*.
6   The Clerk likewise properly disallowed the costs of "extra" deposition services.

       **c.**     **Notary Fees.**

Finally, notary fees incurred in connection with depositions are also allowable. Civ. L.R. 54–3(c)(4). Accordingly, the Clerk is instructed to add **$374.22** to account for the notary fee incurred in the deposition of Multilyte's 30(b)(6) witness, Dr. Roger Ekins (Bill of Costs Exh. F).

    **3.**     **EXEMPLIFICATION AND COPIES.**

Fees for exemplification and copies of papers necessarily obtained for use in the case are recoverable. 28 U.S.C. 1920(4). Civil Local Rule 54–3(d) further outlines the standards for taxing such costs. The Clerk taxed $10,015.53 in this category. Affymetrix sought $246,634.27 in such costs, but agreed to reduce this amount by $1,250.00 after meeting and conferring with Multilyte's counsel.

       **a.**     **Deposition Exhibits.**

While Civil Local Rule 54–3(c)(3) provides that the cost of reproducing exhibits to depositions is allowable if the cost of the deposition is allowable, Exhibit E to the bill of costs was properly disregarded by the Clerk as duplicative of costs already accounted for as part of the depositions themselves.

       **b.**     **Government Records.**

Affymetrix also seeks costs of $5,357.58 for reproducing, certifying, or exemplifying government records. The documentation in Exhibit G to the bill of costs indicates that these costs were incurred in conducting patent assignment searches and obtaining patent file histories. This order finds that the costs associated with reproducing the patents-in-suit, as well as other related patents and associated file histories is recoverable. For purposes of claim construction

4

1  and assessing invalidity defenses, it was reasonably necessary for Affymetrix to obtain these
2  government documents.
3       Multilyte argues that Affymetrix has failed to demonstrate that the documents in the
4  government patent office "were not otherwise available." *Intermedics*, 1993 WL 515879, at *6.
5  *Intermedics* is distinguishable. There, the prevailing party was the *patentee* seeking to recover
6  costs for copying documents that should have been available from its own files. *Ibid.* Not so
7  here. Affymetrix was the accused infringer, not the patentee. Even if these files had been made
8  available during discovery, Affymetrix would have been entitled to recover at least the costs of
9  copying them. (Although Multilyte was ordered to produce *chambers* copies of the entire
10 prosecution files for the three patents-in-suit on May 10, 2005, the Court did *not* order Multilyte
11 to provide courtesy copies to Affymetrix.)
12      Fees for expedited delivery via overnight courrier, however, are not recoverable. Taking
13 this adjustment into account, the Clerk is directed to add **$4,997.75** for reproduction of
14 government documents. This order stresses that Affymetrix would not be entitled to
15 double-count this cost elsewhere, such as in its costs of reproducing discovery documents.
16      **c.**    **Discovery Documents.**
17      With regard to documents produced electronically, Affymetrix initially sought
18 $109,645.44 in such costs (Bill of Costs Exh. H). Taking into account the agreed-upon
19 reduction of $1,250.00, Affymetrix now seeks $108,395.44 for reproducing disclosure or formal
20 discovery documents. Multilyte objects to the taxation of "impermissible 'extra' costs as well
21 as the costs of document scanning above $0.15 per page" (Opp. 7). The Clerk allowed only
22 $10,015.53.
23      This order agrees that "extra" costs are not allowable. The parties appear to agree,
24 however, that Affymetrix is entitled to recover at least the amount of a reasonable per-page
25 copying charge (*i.e.*, $0.15 per page) multiplied by the number of pages. *See Intermedics*, 1993
26 WL 515879, at *6. Affymetrix has demonstrated that it has produced 627,001 pages of
27 documents during discovery (Solari Exh. 1). This would translate into $94,050.15 in costs. The
28

1  Clerk shall add costs of **$84,034.62** to the $10,015.53 already taxed for reproduction of
2  discovery documents.

###  d. Preparation of Visual Aids.

Affymetrix seeks to recover $129,615.85 in costs of preparing demonstratives (Bill of Costs Exh. I). The Clerk allowed no costs in this category. "The cost of preparing charts, diagrams, videotapes and other visual aids to be used as exhibits is allowable if such exhibits are reasonably necessary to assist the jury or the Court in understanding the issues at the trial." Civ. L.R. 54-3(d)(5). Notwithstanding the fact that there was no trial, the costs of preparing visual aids for the technology tutorial and the *Markman* hearing are recoverable if they were reasonably necessary to assist the Court in understanding the issues.

Here, the complicated subject-matter of the patents-in-suit made it reasonably necessary for the parties to prepare visual aids to help educate the Court. If the action had proceeded to trial, the jury would have needed similar assistance. Indeed, at the conclusion of the technology tutorial, the Court even commented on the record how helpful all the demonstratives were (Hearing Tr. 2/2/05 at 73:24–74:1). Likewise, at the *Markman* hearing, both sides were congratulated for doing a "great job" on their respective presentations (Hearing Tr. 2/16/05 at 107:11–13).

That said, the method of exemplification must itself be reasonably necessary to the presentation. *See e.g., Cefalu v. Village of Elk Grove*, 211 F.3d 416, 428–29 (7th Cir. 2000) ("Among the factors that the judge might consider in evaluating the necessity of a particular type of exemplification is whether the nature and context of the information being presented genuinely called for the means of illustration that the party employed. In other words, was the exemplification vital to the presentation of information, or was it merely convenience or, worse, an extravagance?"). While using animated PowerPoint presentations was admittedly a more engaging method of conveying information, it was not *necessary*. Poster boards would have sufficed. Nor is Affymetrix entitled to recover the cost of equipment rental, which the Court had explicitly indicated would be a shared cost.

This order finds that only the costs of poster boards are recoverable. The other costs claimed in this category are not. Accordingly, the Clerk is directed to add **$3,059.70** for the preparation of visual aids.

### 4. OTHER COSTS.

Finally, Affymetrix seeks other costs in the amount of $2,196.71 (Bill of Costs Exh. J). The Clerk did not allow any of these costs. This order agrees that none of the requested costs in this category are allowable. The Clerk properly disregarded these costs.

### CONCLUSION

For the aforementioned reasons, plaintiff's costs of (1) **$1,318.44** for court reporter fees for hearing transcripts, (2) **$374.22** for notary fees incurred in connection with the deposition of Dr. Ekins, (3) **$4,997.75** for reproducing government documents, (4) **$84,034.62** for reproducing discovery documents, and (5) **$3,059.70** for the preparation of visual aids shall be added to the $30,608.94 already assessed by the Clerk. It is hereby **ORDERED** that costs shall be taxed in the total amount of **$124,393.67**. The hearing on this motion, currently scheduled for **SEPTEMBER 8, 2005**, is **VACATED**.

**IT IS SO ORDERED.**

Dated: August 26, 2005



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE