IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AFFYMETRIX, INC., a Delaware corporation,

    Plaintiff and Counterdefendant,

v.

MULTILYTE LTD., a British corporation,

    Defendant and Counterclaimant.

No. C 03-03779 WHA

**ORDER MODIFYING PROTECTIVE ORDER AND VACATING HEARING**

    In this patent action, Multilyte now moves to resolve a dispute arising from an alleged violation of the stipulated protective order. Mr. Steven Lendaris, a fourth-year associate at Heller Ehrman was assigned to review confidential documents produced by Affymetrix. Between March 14, 2005 and March 31, 2005, he reviewed approximately 50,000 pages of customer emails, approximately 12,000 pages of laboratory notebooks, and approximately 1,000 pages of "device master record" documents (Lendaris Decl. ¶¶ 2–3). The problem is that Mr. Lendaris also prosecutes patents relating to arrays for analyte detection.

    As typical of most patent litigation, the parties entered into a stipulated protective order on February 9, 2004, which was adopted with modifications by order dated February 17, 2004. The Court only retained jurisdiction for 45 days after final termination of this action; final judgment was entered on June 23, 2005. Nonetheless, the parties jointly requested and received an extension to file a motion by August 11, 2005.

    There is no dispute that the materials produced by Affymetrix was sensitive technical information designated "Confidential, Attorneys' Eyes Only." The stipulated protective order provided that only "Qualified Persons" could review such confidential documents. Paragraph

4(b)(i) expressly provided that "any person who is currently involved, or whose job responsibilities make them likely to be involved in the future, in the preparation or prosecution of patents or patent applications directed to arrays for analyte detection are excluded from the definition of 'Qualified Persons.'" There was no explicit provision to describe the consequences of having prosecution counsel review materials covered by the protective order.

Good cause having been shown, the protective order is now **MODIFIED** to provide that:

(1) Any person who has reviewed confidential materials subject to this protective order is barred from prosecuting patents directed to making or using "nucleic acid arrays" for a period of 24 months after his or her last review of confidential Affymetrix materials; and

(2) Any person who has reviewed confidential materials subject to this protective order is barred from prosecuting any patent applications directed to making or using "nucleic acid arrays" that claim a priority date before March 31, 2005, until after December 31, 2007.

This order clarifies that "directed to" means that the subject matter of the patented invention relates to nucleic acid arrays. In other words, Mr. Lendaris is free to prosecute other biotechnology patents wherein arrays for analyte detection are not part of the invention; this specifically includes the four patent applications that Mr. Lendaris is currently prosecuting for Genentech, previously identified by Heller Ehrman in a letter dated April 6, 2005:

10/028,072 (Publication No. 20030004311)
10/052,586 (Publication No. 20020127584)
10/216,162 (Publication No. 20030100709)
10/197,942 (Publication No. 20030077742)

In addition, Mr. Lendaris must agree in writing to abide by the foregoing and to never use any of Affymetrix's confidential information for any purpose. The Court does *not* retain jurisdiction to further enforce this protective order. This order is without prejudice to Affymetrix filing suit in state court should any disputes concerning this protective order arise in the future. The hearing on this motion, currently scheduled for **SEPTEMBER 8, 2005**, is **VACATED**.

**IT IS SO ORDERED.**

Dated: September 1, 2005

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2